UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KIMBERLY LEBRON,

      Plaintiff,

  - against -

AMERICAN INTERNATIONAL GROUP,
INC., A/K/A AIG INVESTMENTS, AIG
GLOBAL INVESTMENTS CORP. and AIG
GLOBAL ASSET MANAGEMENT
HOLDINGS CORP.,

     Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/09

**OPINION AND ORDER**

**09 Civ. 4285 (SAS)**

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.  INTRODUCTION

     Kimberly Lebron brings this action against AIG, Inc. and its

subsidiaries AIG Global Investment Corp. and AIG Global Asset Management

Holdings (collectively "AIG"), alleging unlawful retaliatory termination in

violation of Title VIII of the Sarbanes-Oxley Act of 2002 ("SOX"). AIG now

moves to dismiss the Complaint with prejudice under Federal Rule of Civil

Procedure 12(b)(1) on the ground that this Court lacks subject matter jurisdiction

and under Rule 12(b)(6) on the ground that Lebron failed to state a claim upon

1

which relief can be granted.  For the reasons stated below, I conclude that this Court lacks subject matter jurisdiction over Lebron's claims.  Because AIG's motion to dismiss under Rule 12(b)(1) is granted, AIG's motion under Rule 12(b)(6) is not addressed.

## II.   BACKGROUND

### A.   Factual Background

The following facts are undisputed for the purposes of this motion. AIG Inc., together with its wholly owned business segment, AIG Investments, provides insurance, financial, and investment products to businesses and individuals.[1]  Beginning on June 26, 2006, Lebron was employed as a Compliance Manager in the Legal and Compliance Department of AIG Investments.[2]

On June 26, 2008, Lebron attended a meeting where she learned that AIG might have been violating the Foreign Corrupt Practices Act ("FCPA") as well as AIG's FCPA Travel and Gift Policy.[3]  Lebron reported her concerns to AIG's Global Anti-Corruption Officer, Kevin Rooney, after she learned that AIG's Global Real Estate's General Counsel, Richard D'Alessandri, who was also

---

[1]   *See* Complaint ("Compl.") ¶ 2.

[2]   *See id.* ¶ 24.

[3]   *See id.* ¶ 30.

2

present at the meeting, purposely did not report all the relevant facts about the possible violation to Rooney.[4]

After several follow-up conversations with Lebron, Rooney, in accordance with AIG's protocol, reported the possible FCPA violation to his supervisor, Kate Jones Troy.[5]  Troy reported the issue to AIG's Chief Compliance Officer, Kathleen Chagnon.[6]  On July 11, 2008, Lebron learned that Rooney told Jeffrey Hurd, the head of Lebron's Compliance Department, that she reported the possible FCPA violation.[7]  On July 12, 2008, Chagnon called a meeting to discuss the possible FCPA violation with D'Alessandri, Hurd, and Joseph Guarino, the person to whom Lebron directly reported.[8]  Lebron was excluded from the meeting.[9]

On July 14, 2008, James Toms, AIG's Global Real Estate Human Resources Representative, called Lebron into a meeting with himself and

---

[4]     *See id.* ¶¶ 30, 45, 47.

[5]     *See id.* ¶ 53.

[6]     *See id.*

[7]     *See id.* ¶ 56.

[8]     *See id.* ¶ 58.

[9]     *See id.*

3

Guarino.[10]  During this meeting Lebron's employment with AIG was terminated.[11]

Prior to her termination, Lebron never received any complaints regarding her job

performance or work ethic.[12]

### B.    Procedural Background

On September 23, 2008, Lebron filed a complaint with the

Occupational Safety and Health Administration of the United States Department

of Labor ("OSHA") alleging violations of the anti-retaliation provisions of SOX.[13]

On February 19, 2009, the OSHA Regional Administrator, acting on behalf of the

Secretary of Labor ("Secretary"), issued preliminary findings.[14]  The Regional

Administrator found that Lebron failed to name AIG Global Real Estate

Investment Corp. ("AIG Global Real Estate"), Lebron's direct employer, as a

respondent.[15]  The Regional Administrator additionally concluded that Lebron's

---

[10]     See id. ¶ 60.

[11]     See id.

[12]     See id. ¶ 26.

[13]     See id. ¶ 61.

[14]     See 2/19/09 Findings and Order Letter from Regional Administrator
Robert D. Kulick to Kimberly Lebron, Ex. A to 8/3/09 Affidavit of Ethan G.
Zelizer, Counsel to AIG ("Zelizer Aff.").

[15]     See id.

claim would fail even if Lebron had named AIG Global Real Estate because neither AIG Global Real Estate nor the two AIG subsidiaries Lebron named — AIG Global Asset Management Holding, Corp. and AIG Global Investment Corp. — were covered under SOX.[16]  Although AIG, Inc. is a publicly traded company covered under SOX, its subsidiaries are not themselves publicly traded companies and the Regional Administrator found that AIG, Inc. and its subsidiaries did not constitute an integrated employer.[17]

The Regional Administrator issued an order dismissing Lebron's complaint.[18]  The letter containing the findings and order stated that Lebron had thirty days from the receipt of the findings to file objections and request a hearing in front of an Administrative Law Judge ("ALJ").[19]  The letter outlined the procedure for filing objections and warned that if Lebron did not file an objection, the findings would become "final and not subject to judicial review."[20]

Lebron received the Regional Administrator's preliminary findings

---

[16]     *See id.*

[17]     *See id.*  Given the other grounds for deciding this motion, I do not address the question of whether the named defendants are covered under SOX.

[18]     *See id.*

[19]     *See id.*

[20]     *Id.*

on February 23, 2009.[21]  On February 27, 2009, Lebron sent a letter to the

Regional Administrator asking him to accept the letter as Lebron's "objection to

[the Regional Administrator's] Order of Dismissal and [Lebron's] request for a

hearing before an administrative law judge."[22]  The letter stated that Lebron copied

the ALJ on the letter, but in fact Lebron failed to send the letter to the ALJ.[23]

Lebron did not take any other steps to appeal the preliminary findings and order.

Without further notice, Lebron filed her action in this court on May 1, 2009.

## III.   APPLICABLE LAW

### A.   Motion to Dismiss

Under Federal Rule of Civil Procedure Rule 12(b)(1), a complaint

must be dismissed if the court lacks subject matter jurisdiction to hear the claim.

Federal courts "are courts of limited jurisdiction.  They possess only that power

---

[21]    *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp. Mem.") at 4.

[22]    *See* 2/17/09 Letter from Jonathan Sack, Counsel for Lebron, to Robert D. Kulick, Regional Administrator for OSHA, Ex. B to Zelizer Aff.

[23]    *See id.*; 7/14/09 Letter from John M. Vittone, Chief Administrative Law Judge, to Ethan G. Zelizer, Counsel to AIG, Ex. D to Zelizer Aff. (confirming that the Office of Administrative Law Judges has no record of an appeal filed by Lebron).

authorized by Constitution and statute."[24]  Statutory authorization is required even

when the exercise of "[federal] judicial powers is desirable or expedient.  And this

is especially true where the case involves . . . federal . . . courts and administrative

agencies with separate and clearly defined powers."[25]

## B.   Sarbanes - Oxley

The legislation implementing SOX, section 1514A of Title 18 of the

United States Code, provides "[w]histleblower protection for employees of

publicly traded companies."[26]  A whistleblower who alleges unlawful discharge or

discrimination may seek relief by either "filing a complaint with the Secretary of

Labor" within ninety days of the alleged violation, or "if the Secretary has not

issued a final decision within 180 days of the filing of the complaint . . . bringing

an action at law or equity for *de novo* review in the appropriate district court of the

United States which shall have jurisdiction over such an action without regard to

the amount in controversy."[27]

---

[24]     *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations and citations omitted).

[25]     *United States v. North Hempstead*, 610 F.2d 1025, 1029 (2d Cir. 1979).

[26]     18 U.S.C. § 1514(a)

[27]     *Id.* § 1514A(b).

7

The rules and procedures for whistleblower actions are governed by

section 42121(b) of Title 49 of the United States Code, which states, in pertinent

part:

> Not later than 60 days after the date of receipt of a
> complaint . . . the Secretary of Labor shall conduct an
> investigation and determine whether there is reasonable
> cause to believe that the complaint has merit and notify, in
> writing, the complainant and the person alleged to have
> committed a violation . . . of the Secretary's findings.

The Secretary may also include a preliminary order based on the findings.[28]

Within thirty days of notification of the findings, either party can appeal the

findings or preliminary order  by "fil[ing] objections to the findings or preliminary

order, or both, and request[ing] a hearing on the record."[29]

If a hearing is not requested within thirty days, "the preliminary order shall be

deemed a final order that is not subject to judicial review."[30]

In addition to sections 1514A and 42121(b), SOX is governed by

administrative regulations promulgated by the Department of Labor ("DOL").

Pursuant to the DOL rules, when a complaint is filed with the Secretary, the

---

[28]   *See* 49 U.S.C. § 42121(b).

[29]   *Id.*

[30]   *Id.*

Assistant Secretary investigates the claims.[31]  After collecting and considering all

the relevant information, "the Assistant Secretary shall issue, within 60 days of

filing of the complaint, written findings as to whether or not there is reasonable

cause to believe that the named person has discriminated against the complainant

in violation of [SOX]."[32]  If the Assistant Secretary finds reasonable cause to

believe that a SOX violation occurred, "he or she shall accompany the findings

with a preliminary order providing relief to the complainant."[33]  However, "[i]f the

Assistant Secretary concludes that a violation has not occurred, the Assistant

Secretary will notify the parties of that finding."[34]  In a letter accompanying the

findings and order, the Assistant Secretary must "inform the parties of their right

to file objections and to request a hearing."[35]  "The findings and preliminary order

will be effective 30 days after receipt . . . unless an objection and a request for a

hearing has been filed as provided at [section 1980.106 to Title 29 of the Code of

---

[31]     *See* 29 C.F.R. § 1980.104.

[32]     *Id.* § 1980.105(a).

[33]     *Id.*

[34]     *Id.*

[35]     *Id.* § 1980.105(b).

Federal Regulations]."[36]

Section 1980.106 provides that "[a]ny party who desires review, including judicial review, of the findings and preliminary order . . . must file any objections and/or a request for a hearing on the record within 30 days of receipt of the findings and preliminary order."[37] "Objections must be filed with the Chief Administrative Law Judge."[38] "If no timely objection is filed with respect to either the findings or the preliminary order, the findings or preliminary order, as the case may be, shall become the final decision of the Secretary, not subject to judicial review."[39]

The DOL also promulgated regulations concerning the federal district courts' jurisdiction over whistleblower claims under SOX. These regulations state,

> (a)   If the [Administrative Review] Board[40] has not issued a final decision within 180 days of the filing of the complaint . . . the complainant may bring an action at law

---

[36]   *Id.* § 1980.105(c).

[37]   *Id.* § 1980.106(a).

[38]   *Id.*

[39]   *Id.* § 1980.106(b).

[40]   The DOL delegated to the Administrative Review Board "the authority to act for the Secretary and issue final decisions." 29 C.F.R. § 1980.110.

or equity for *de novo* review in the appropriate district court of the United States, which will have jurisdiction over such an action without regard to the amount in controversy.

(b)     Fifteen days in advance of filing a complaint in federal court, a complainant must file with the administrative law judge or the [Administrative Review] Board, depending upon where the proceeding is pending, a notice of his or her intention to file such a complaint.[41]

## IV.    DISCUSSION

### A.    The Secretary Did Not Issue a Final Order Within 180 Days

To determine whether this Court has jurisdiction to hear Lebron's

claims, the Court must consider whether the Secretary issued a final decision

within 180 days of the time Lebron filed her case with OSHA. Lebron filed her

complaint on September 23, 2008. Thus, the Secretary had until March 22, 2009

to issue a final decision. On February 19, 2009, the Regional Administrator,

acting on behalf of the Secretary, issued a preliminary decision.[42] Lebron received

---

[41]     *Id.* § 1980.114.

[42]     For purposes of jurisdiction, a preliminary decision is not equivalent to a final decision of the Secretary. *See Bechtel v. Competitive Techs., Inc.*, 448 F.3d 469 (2d Cir. 2006) (each judge of the panel acknowledged that section 42121(b) distinguishes between the district courts' jurisdiction over preliminary and final orders); *see also Welsh v. Cardinal Bankshares Corp.*, 454 F. Supp. 2d 552, 556 (W.D. Va. 2006) (concluding that a district court cannot enforce a preliminary order because "the statutory grants of jurisdiction in 49 U.S.C. § 42121(b)(5) and 49 U.S.C. § 42121(b)(6) clearly fail to grant jurisdiction to

11

that decision on February 23, 2009 and the decision become the final decision of

the Secretary thirty days later on March 25, 2009.  Accordingly, the Secretary did

not issue a final decision within 180 days of Lebron filing her administrative

complaint.

**B.      Lebron's Failure to Comply with Section 1980.114(b) Does Not Prevent the Court from Exercising Jurisdiction**

AIG argues that even though the Secretary did not issue a final

decision within 180 days of the date that Lebron filed her complaint, the Court

lacks jurisdiction to hear Lebron's claims because Lebron failed to comply with

section 1980.114(b) of Title 29 of the Code of Federal Regulations, which requires

fifteen days notice to the ALJ before a federal court assumes jurisdiction.[43]

Lebron admits that she never notified the ALJ of her intent to remove her case to

federal court.[44]  Thus, the Court must determine whether Lebron's failure to

comply with an administrative regulation prevents the Court from exercising

jurisdiction.

---

[district courts] over preliminary orders . . . the plain language of the statute grants jurisdiction to [district courts] solely over a final order of the [Administrative Review Board]").

[43]      *See* Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Mem.") at 7.

[44]      *See* Opp. Mem. at 10.

12

It is well settled, under *Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc.*, that courts must give deference to administrative regulations.[45] Administrative regulations "qualif[y] for *Chevron* deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in exercise of that authority."[46] A reviewing court must defer to the agency's rules, even when an agency only has implied authority to promulgate rules,"if Congress has not previously spoken to the point at issue and the agency's interpretation is reasonable."[47] However, administrative regulations purporting to regulate statutory grants of jurisdiction to district courts are not entitled to *Chevron* deference.[48] Moreover, the Second Circuit has not deferred to the DOL's

[45]     *See* 467 U.S. 837, 844 (1984); *see also United States v. Mead Corp.*, 533 U.S. 218, 227-31 (2001) (explaining when an administrative regulation is entitled to *Chevron* deference); *Day v. Staples, Inc.*, 555 F.3d 42, 54 (1st Cir. 2009) (stating that Department of Labor regulations are "entitled to *Chevron* deference").

[46]     *Mead*, 533 U.S. at 226.

[47]     *Id.* at 229.

[48]     *See Adams Fruit Co., Inc. v. Barrett*, 494 U.S. 638, 650 (1990) (concluding that a congressional delegation of power to the Department of Labor "does not empower the Secretary to regulate the scope of the judicial power vested by the statute"); *Verizon Maryland, Inc. v. Global Naps, Inc.*, 377 F.3d 355, 383 (4th Cir. 2004) ("*Chevron* deference is not required when the ultimate question is about federal jurisdiction."); *Murphy Exploration & Prod. Co. v. U.S. Dep't of the*

13

SOX regulations that modify Congress's grant of jurisdiction to district courts in sections 1514A and 42121(b).[49]

Neither section 1514A nor section 42121(b) conditions the district courts' jurisdiction on fifteen days notice to the ALJ of the complainant's intent to remove the case to federal court. Because deference is not given to administrative regulations that narrow Congress's statutory grant of jurisdiction to district courts, a district court can properly exercise jurisdiction over a whistleblower claim under SOX even when no notice is given to the ALJ in contravention of the DOL's fifteen-day notice requirement. Accordingly, Lebron's failure to comply with section 1980.114(b) does not prevent this Court from exercising jurisdiction over

_____

*Interior*, 252 F.3d 473, 478 (D.C. Cir. 2001) ("*Chevron* does not apply to statutes that . . . confer jurisdiction on the federal courts. It is well established that [i]nterpreting statutes granting jurisdiction to Article III courts is exclusively the province of the courts.") (internal quotations omitted); *Welch*, 454 F. Supp. at 557 (applying "the principle that an agency does not have the power to interpret a statute establishing federal court jurisdiction").

[49]    *See Bechtel*, 448 F.3d. at 469. In *Bechtel* the Second Circuit determined that, in a whistleblower case under SOX, the district court could not enforce a preliminary order by the Assistant Secretary reinstating the plaintiff to the position from which the Assistant Secretary determined the plaintiff was unlawfully discharged. The court reached this conclusion despite an administrative regulation promulgated by the DOL that conferred jurisdiction to enforce preliminary orders on the district court. Although the judges did not reach a majority opinion as to why the district court could not enforce the preliminary order at issue, all three judges agreed that the DOL regulation was *not* binding on the court.

14

Lebron's claims.

### C.   Section 42121(b) Limits Section 1514's Grant of Jurisdiction to District Courts

AIG also argues that Lebron's claims are not subject to *de novo* review in the district court because Lebron failed to file objections with the ALJ within thirty days of receiving the preliminary findinds and order.  Under section 42121(b) and the implementing DOL regulations, failure to file objections with the ALJ within thirty days converts the preliminary findings and order into a "final order that is not subject to judicial review."[50]  Thus, the issue before this Court is whether preliminary findings and orders that are not appealed within thirty days become final and not subject to judicial review if the Secretary failed to issue a final order within 180 days of the filing of the complaint.

Lebron relies on *Hanna v. WCI Communities, Inc.* to argue that she is allowed to file her claims in the district court, despite her failure to appeal the findings to the ALJ, because the preliminary findings did not become final prior to section 1514A's 180-day limit.[51]  In *Hanna*, the plaintiff gave the ALJ fifteen days

---

[50]     *See* Def. Mem. at 5-6.

[51]     *See* Opp. Mem. at 7.  Lebron does not argue that her February 27, 2008 letter to the Regional Administrator constituted a proper objection to the preliminary findings or a request for a hearing before the ALJ.

notice of his intent to file claims with the district court after the Assistant

Secretary failed to issue preliminary findings within 180 days of the date the

plaintiff filed his administrative complaint.[52]  Although the Assistant Secretary

issued preliminary findings prior to the date the plaintiff actually filed claims in

the district court, and the plaintiff did not appeal the Assistant Secretary's

preliminary findings to the ALJ, the *Hanna* court determined that it could hear the

merits of the plaintiff's claims because 180 days had passed without a final

decision from the Secretary.[53]

        Lebron's reliance on *Hanna* is misplaced.  In *Hanna*, the plaintiff

filed his case in the district court before the thirty day period for objecting to the

preliminary findings had elapsed.[54]  The *Hanna* court was not asked to hear the

merits of a case in which the preliminary order became a "final order not subject to

judicial review" under section 42121(b) *prior* to the plaintiff filing a claim in the

district court, which is precisely what Lebron urges this Court to do.  In fact, the

*Hanna* court acknowledges that there are circumstances where applying section

1514A's grant of jurisdiction according to its plain meaning might lead to absurd

---

[52]     *See* 348 F. Supp. 2d 1322, 1324 (S.D. Fla. 2004).

[53]     *See id.* at 1329-30.

[54]     *See id.* at 1329.

16

results.[55]

In determining whether this Court may hear Lebron's claims, the Court must first consider the plain language of sections 1514A and 42121(b).[56] However, the Court "must 'interpret [a] specific provision in a way that renders it consistent with the tenor and structure of the whole act or statutory scheme of which it is a part.'"[57] Furthermore, "an ambiguous statute must be construed to avoid absurd results."[58]

Here, the Secretary failed to issue a final order within 180 days of Lebron's complaint, but the preliminary findings became final and not subject to judicial review after the 180-day mark. Therefore, under the facts of this case, a plain reading of the text indicates that both section 1514A's authorization of district courts to review a whistleblower's claims *de novo* when the Secretary has

---

[55]    *See id.* at 1328 (noting that "Mr. Hanna's case does not present the egregious factual scenario" in part because "Mr. Hanna filed his district court complaint before the time had elapsed for seeking review of OSHA's preliminary findings in front of an administrative law judge.").

[56]    *See Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) ("The starting point in discerning congressional intent is the existing statutory text.").

[57]    *United States v. Pacheco*, 225 F.3d 148, 154 (2d Cir. 2000) (quoting *United States v. Bonanno Organized Crime Family of La Casa Nostra*, 879 F.2d 20, 24 (2d Cir. 1989)).

[58]    *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 160 (2d Cir. 2007).

17

not issued a final opinion within 180 days of the filing of the administrative

complaint and section 42121(b)'s prohibition against judicial review of a final

order apply. This constitutes an ambiguity in the statute — a district court cannot

simultaneously review a litigant's claims *de novo* yet not have the power to review

the Secretary's final order. However, this ambiguity can be resolved by

considering the statutory scheme as a whole and construing the statute to avoid

absurd results.

Under Lebron's construction, section 1514A's grant of jurisdiction

trumps section 42121(b)'s prohibition against judicial review of final orders. In

other words, if the Secretary fails to issue a final order within the 180-day limit,

any order the Assistant Secretary ultimately issues can never become a final order

not subject to judicial review because the complainant has an unconditional right

to *de novo* judicial review in a district court. This interpretation forecloses any

administrative finality when the Secretary does not issue a final order within the

180-day limit.

Lebron filed her complaint in this Court more than a month after the

preliminary findings and order became final under section 42121(b) and the

implementing DOL regulations. If the Court were to adopt Lebron's reading of

sections 1514A and 42121(b), there is nothing to prevent a future plaintiff in a

18

similar case from filing his or her claims for *de novo* review with the district court several months, or even years, after allowing a preliminary order to become final. In this situation, the concept of finality would be ephemeral. This is an absurd result in light of the important interest in finality of judgments and the specific thirty day appeals limit in section 42121(b) that demonstrates Congress's intent that finality be achieved when a party fails to assert his or her rights expeditiously.[59]

Instead, section 42121(b)'s prohibition on judicial review of final orders must be read as a limit on Congress's grant of jurisdiction to the district courts under section 1514A. Under this reading, if the Secretary does not issue a final order within 180 days of the filing of the administrative complaint, the complainant has thirty days from receiving a preliminary order to either file a claim in a district court or appeal the preliminary order to the ALJ and thereby preserve the option to file a district court claim at a later time. If the complainant, like Lebron, takes no action within thirty days, the preliminary order becomes final and the district court no longer has jurisdiction to review the claims *de novo*.

---

[59]     *See Sanches-Llamas v. Oregon*, 548 U.S. 331, 356 (2006) ("Procedural default rules are designed to encourage parties to raise their claims promptly and to vindicate 'the law's important interest in the finality of judgments.'" (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003))).

**D.    OSHA'S Failure to Issue Written Findings Within Sixty Days Does Not Excuse Lebron's Failure to Follow the Procedural Requirements for Bringing Claims in Federal Court**

Lebron argues that any failure on her part to follow the procedural requirements for bringing her claim in federal court is excused because OSHA failed to follow its own procedures.  Specifically, OSHA violated sections 1514A and 1980.105(a) of Title 29 of the Code of Federal Regulations by failing to issue "written findings as to whether or not there is reasonable cause to believe that [AIG] has discriminated against [Lebron] in violation of [SOX]" within sixty days of the filing of Lebron's complaint.[60]

The only case directly addressing the sixty-day requirement is *Wingard v. Countrywide Home Loans, Inc.*[61]  In *Wingard*, the plaintiff argued that he was allowed to bring his claims in federal court, notwithstanding a final

---

[60]    *See* Opp. Mem. at 9.  Lebron argues that OSHA failed to comply with this requirement in two ways.  *First*, OSHA failed to meet the sixty day requirement and *second*, the written findings that were ultimately issued by the Regional Administrator fail to state "whether or not there is reasonable cause to believe that the [AIG] has discriminated against [Lebron] in violation of [SOX]." The second argument makes no sense.  The Regional Administrator issued findings that Lebron did not work for a publicly traded company — the only type of company that SOX's whistleblower provisions regulate.  This is equivalent to finding that Lebron's employer did not discriminate against her *in violation of SOX.*

[61]    *See* No. 07 Civ. 904, 2008 WL 4277982, at *1 (M.D. Ala. Sept. 18, 2008).

decision the Secretary issued within 180 days of the date the complaint was filed,

because the Assistant Secretary failed to issue written findings within sixty days of

the date the complaint was filed.[62] The *Wingard* court found the plaintiff's

proposed reading of the statute "would vitiate the statutory provision" that only

allows for removal of claims to district court when the Secretary has not entered a

final decision within 180 days.[63]

This decision is sound. If Congress intended for district courts to

review whistleblower claims when the Secretary failed to issue written findings

within sixty days of the time the complaint was filed, Congress would have made

that clear.[64] Because Congress did no such thing, access to the district courts is

not a remedy when OSHA fails to issue written findings within sixty days of the

filing of the complaint.

### E.   The Futility of an Appeal to the ALJ Is Irrelevant

Lebron claims that appealing the preliminary findings and order to the

---

[62]     *See id.*

[63]     *See id.*

[64]     Congress did exactly that in section 1514A when it conferred
jurisdiction over whistleblower claims on the district court if the Secretary fails to
issue a final decision within 180 days of the filing of the complaint.

ALJ would have been futile.[65]  She argues this excuses her failure to exhaust her

administrative remedies.  Whether appealing the preliminary findings and order to

the ALJ would have been futile is irrelevant.  Appealing to the ALJ was not

Leborn's only option.  Lebron had the alternative option of filing a complaint for

*de novo* review in a district court when 180 days had passed without a final

decision from the Secretary.

       Under section 1514A, OSHA has exclusive jurisdiction over SOX

whistleblower claims for 180 days.  If the Secretary fails to issue a final order

within 180 days, the complainant may file suit in the district court.  However,

when the  Secretary issues preliminary findings, section 42121(b) obligates the

complainant to appeal to the ALJ within thirty days of receiving notice of the

preliminary findings or the preliminary findings become final and not subject to

judicial review.  In a scenario where the preliminary findings would not become

final until after the 180-day period of OSHA's exclusive jurisdiction expires, the

complainant must file suit in the district court within thirty days of receiving

notice of the preliminary findings.  If the complainant fails to either appeal to the

ALJ or file suit in federal court within the thirty-day period, the preliminary

findings become final and not subject to judicial review.

---

[65]     Opp. Mem. at 10.

Lebron received the Regional Administrator's preliminary findings and order 153 days after filing her administrative complaint with OSHA. The preliminary findings became final thirty days later. Thus, the preliminary findings and order were not final until after OSHA's 180 days of exclusive jurisdiction had expired. However, despite the Regional Administrator's warning that if Lebron did not act within thirty days the preliminary findings and order would become final and not subject to judicial review, Lebron failed to either appeal the preliminary findings and order to the ALJ or file a claim for *de novo* review in the district court within thirty days of receiving the preliminary findings and order. Lebron's failure to act promptly allowed the preliminary findings and order to become a final order of the Secretary that is not subject to judicial review. Consequently, Lebron forfeited her right to appeal the preliminary findings and order to the ALJ as well as her right to assert her claims *de novo* in the district court.

## V.    CONCLUSION

For the reasons set forth above, AIG's motion to dismiss is hereby granted. The Clerk of the Court is directed to close this motion (docket # 09 Civ 4285) and this case.

23

SO ORDERED

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              October 19, 2009

24

**- Appearances -**

## For Plaintiff:

Jonathan Scott Sack, Esq.
Sack & Sack, LLP
110 East 59th Street
19th Floor
New York, NY 10022
(212) 702-9000

## For Defendants:

James G. Murphy, Esq.
Drinker, Biddle & Reath, LLP
140 Broadway
39th Floor
New York, NY 10005
(212) 248-3146

Michael J. Sheehan, Esq.
Drinker Biddle & Reath, LLP(Ill.)
191 North Wacker Drive
Suite 3700
Chicago, IL 60606
(312) 569-1000 x1180